# Pennsylvania Railroad Company *v.* Josephine Furnace & Coke Company, Appellant.

*Common carriers—Railroad companies—Demurrage regulations —Reasonableness.*

1. In an action by a common carrier against a furnace company to recover demurrage charges in accordance with the rules of the plaintiff company upon cars delivered to the defendant company and not unloaded within the prescribed period, it is not error for the court to refuse to submit to the jury the question of the unreasonableness of such regulations in the absence of evidence to the contrary; and this is particularly true where the question involved is the amount of free time allowed for unloading cars, and it appears that in addition to 48 hours free time accorded to all shippers the defendant was allowed from 72 to 102 hours free time for unloading the cars in question, besides Sundays and holidays, and under certain conditions 48 hours additional, which is in excess of the free time required to be allowed by the Act of May 24, 1907, P. L. 229.

*Principal and agent—Agency for receipt of freight—Industrial railroad companies—Evidence of agency.*

2. An industrial railroad, connecting a blast furnace with a common carrier, is properly found to be the agent of the furnace company for the receipt of freight from the carrier, and the furnace company is properly made defendant in an action to recover demurrage charges, where it appears that the industrial railroad operated only upon the premises of the blast furnace company and in connection with its business; that freight received by the lateral railroad was receipted for in the name of the furnace company, and that delivery to the lateral railroad was regarded by the furnace company as delivery to itself. It is not material that the furnace and the railroad were owned by separate corporations, or

that the common carrier paid a switching charge to the lateral railroad, where such payments were subsequently received by the furnace company.

Argued Oct. 5, 1914. Appeal, No. 69, Oct. T., 1914, by defendant, from judgment of C. P. Indiana Co., June T., 1909, No. 118, on verdict for plaintiff, in case of the Pennsylvania Railroad Company *v.* Josephine Furnace & Coke Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit to recover demurrage charges. Before CRISWELL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $10,861.34 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were instructions to the jury referred to in the opinion of the Supreme Court.

*Tracy H. Duncan,* with him *John A. Scott* and *Holding, Masten, Duncan & Leckie,* for appellants.—The plaintiff's demurrage rules are unreasonable as applied to the blast furnace industry: Penna. R. R. Co. v. Midvale Steel Co., 201 Pa. 624; Pennsylvania Millers' State Association v. Railroad, 8 I. C. C. Rep. 531; Kehoe v. Railway, 11 I. C. C. Rep. 166; In Re Demurrage Charges, 25 I. C. C. Rep. 314, 315; Hoover v. Railroad, 156 Pa. 220; Balto. & Ohio R. R. Co. v. Abattoir Co., 27 Pa. Superior Ct. 511, 512.

The question of the reasonableness of the rules was for the jury: Penna. R. R. Co. v. Midvale Steel Co., 201 Pa. 624, 629; Crescent Coal & Mining Co. v. Railroad, 20 I. C. C. Rep. 559, 569. The evidence does not establish that the C. & B. Railway acted as the agent of the defendant: United States v. Union Stockyards, 226 U. S. 286, 300; Union Stockyards Co. of Omaha v. U. S., 169 Fed. 404, 405; Western Penna. R. R. Co.'s App., 104 Pa. 399;

Rudolph v. Railroad, 166 Pa. 430; Windsor Glass Co. v. Carnegie Co., 204 Pa. St. 459.

The payment of a switching allowance to the C. & B. Railway by the plaintiff is evidence that it was recognized by the plaintiff as its agent: Chicago & Alton Railway v. United States, 156 Fed. Repr. 558; 212 U. S. 563; Chesapeake & Ohio Ry. Co. v. Standard Lumber Co., 174 Fed. 107; Taenzer v. Railway, 191 Fed. Repr. 543; General Electric Co. v. R. R. Co., 14 I. C. C. Rep. 237; Solvay Process Co. v. R. R. Co., 14 I. C. C. Rep. 246; Crane R. R. Co. v. R. R. Co., 15 I. C. C. Rep. 248; Crane Iron Works v. R. R. Co., 17 I. C. C. Rep., 514; Star Grain & Lumber Co. v. R. R. Co., 17 I. C. C. Rep. 338; Tap Line Case, 23 I. C. C. Rep. 277.

*Henry Wolf Bikle,* with him *J. N. Banks,* for appellee. —There was nothing to submit to the jury with regard to the reasonableness of the time allowed for loading and unloading plaintiff's cars: Penna. R. R. Co. v. Samuel, 45 Pa. Superior Ct. 248; Alan Wood, Iron and Steel Co. v. Penna. R. R. Co., 24 I. C. C. Rep. 27; Riverside Mills v. C. & W. C. Ry., 20 I. C. C. Rep. 153; Corporation of the Cathedral of the Incarnation v. Long Island R. R., 25 I. C. C. Rep. 399; Nebraska Transfer Co. v. Chicago, Etc., R. R. Co., 134 N. W. 163. The Conemaugh & Blacklick Railway was the agent of the defendant for the receipt of freight.

OPINION BY MR. JUSTICE POTTER, January 2, 1915:

The plaintiff brought this action to recover from defendant the sum of $8,628, with interest, as demurrage charges for the detention of loaded cars delivered by plaintiff to defendant, and for delay in loading empty cars delivered to defendant for that purpose. It appeared on the trial that plaintiff's cars were delivered to defendant, and were returned to plaintiff's road, over the tracks and by the engines of the Conemaugh & Blacklick Railway, a minor or industrial railroad, which con-

nected with plaintiff's tracks, and by its rails reached defendant's furnaces. Plaintiff brought cars to a point near defendant's furnaces, where its lines intersected with that of another railroad, the Buffalo, Rochester & Pittsburgh Railway. The cars were there placed on certain tracks belonging to plaintiff, set apart for that purpose, and known as "interchange tracks." These connected with the tracks of the minor road, the C. & B. Railway, and the cars were there attached to the engines of the latter company, and hauled by them to the furnaces of the defendant, being returned in the same way to the interchange tracks and delivered to plaintiff. Defendant contended that the cars were delivered not to it, but to the railroad company, and that if plaintiff was entitled to make any charge for demurrage, this claim should be made against the railroad company, and not against defendant. Plaintiff, however, maintained that throughout this transaction with the C. & B. Railway, the latter was merely an agent for defendant, and that delivery of cars to the railway company was delivered to defendant. Plaintiff's rules which were offered in evidence provide as follows: "Rule 1 (a) : When cars are placed for loading or unloading on public delivery tracks or on sidings, the railroads performing the service, forty-eight (48) hours will be allowed. (b) : When cars are interchanged with minor railroads or industrial plants who perform their own switching service and who are not members of a car service association, they handling cars for themselves or for other parties, an allowance will be made for the time necessary in their switching service in addition to the regular time allowed for loading or unloading as per paragraph a." "Rule 6. A reasonable charge per day or fraction thereof shall be assessed and collected upon all cars detained beyond the time allowed as provided for in these rules." In this case, plaintiff claimed to recover in accordance with these rules, the various amounts set forth in schedules annexed to its statement, and which were admitted in

evidence, the charge made being one dollar per day for each car delayed beyond forty-eight hours, and the extra free time allowed, these charges aggregating $8,628. Defendant did not dispute the correctness of the time for which the charge was made, nor the reasonableness in general of the charge of one dollar per day, but it claimed that under the special circumstances of this case the time limit was unreasonable, and it contended also that the question of its reasonableness was properly for the determination of the jury, and was not for the court. The trial judge held, as matter of law, that plaintiff's rules were reasonable, and the jury were so instructed. The question whether defendant or the C. & B. Railway was the actual party to whom the cars were delivered was submitted to the jury. Some other minor defenses were adjusted by the parties during the trial, and by agreement the claim was reduced to $8,078.70, which with interest amounted to $10,861.34. For this amount a verdict was rendered in favor of plaintiff by the jury. Counsel for the respective parties agree that upon this appeal two questions only, are to be considered. The first is, whether the trial judge erred in refusing to submit to the jury the question of the reasonableness of appellee's rules, under which the demurrage charges were made, and the second is, whether he erred in submitting to the jury the question whether delivery was made by plaintiff to the furnace company, the defendant, or was made to the C. & B. Railway Company. Similar rules were under consideration by this court in the case of Penna. R. R. v. Midvale Steel Co., 201 Pa. 624, and it was there held that in the absence of proof of unreasonableness, both in relation to defendant and other parties to whom the rules were intended to apply, they should be held by the court to be reasonable, without submitting the question to the jury. Mr. Justice DEAN there said (p. 629) : "Where the rule is manifestly a reasonable one, as this one is, both as to time and charge, the court will not take up time by instructing the jury to find the

fact, any more than it would instruct the jury on undisputed facts, to find that a collecting bank had protested a negotiable note within a reasonable time after nonpayment." In the Act of May 24, 1907, P. L. 229, Sec. 1, the legislature has provided, that a demurrage charge of more than $1.00 per day on each car shall be unlawful, and that free time shall be allowed for 48 hours from seven o'clock of the day following the placing of the car, and mailing notice to the consignee. This was plainly a recognition by the legislature, of the reasonableness of the rule here in question. Part of the claim for demurrage in the present case accrued before the passage of the Act of 1907, and part afterwards. Counsel for appellant urge that the rule allowing 48 hours only for loading and unloading is unreasonable in the case of blast furnaces for two reasons: First, because owing to the fact that the ore is shipped from the mine by steamer over the great lakes, thousands of tons at a time, and is forwarded from the steamer by train, it arrives at appellant's furnaces by train loads, and not by carloads. When such train loads arrive it is suggested that it is often impossible to unload them, with the facilities at the command of the furnaces, within the time allowed by the rules. The answer to this, as formulated by counsel for appellee is that, in the first place plaintiff is a common carrier and is compelled to receive and transport the ore consigned to plaintiff, and it is not able to control the amount shipped at any one time. This being a matter entirely within the control of the shipper and the consignee; in the second place the demurrage charge was nothing more than a charge for storage, and therefore, if the consignee leaves its goods on the cars, instead of storing them on its own premises or elsewhere, it is only fair that it should pay a reasonable price for the accommodation; in the third place, it is pointed out that not a single car involved in the present action, brought ore to appellant, as all the ore received by it during the period covered by this action came over the lines of the Buffalo,

Rochester & Pittsburgh Railroad. The evidence shows that the plaintiff hauled in .coke, limestone, &c., but handled no iron ore. The tabulation of the cars involved in this case, offered in evidence, shows the loading of each car, and shows no car loaded with ore. The answer of defendant seems to us to be complete as to this branch of the inquiry. In the case against the Midvale Steel Co., supra, Mr. Justice DEAN said (p. 629) : "The plaintiff has an unquestioned right as a common carrier to make reasonable rules to speed the unloading of its cars; cars are for the transportation of freight, not for its storage." A further contention on behalf of appellant is, that what it terms the "average rule," which would take the average time of detention, is more equitable than the "straight demurrage rule." But as has already been pointed out, we have held that the latter rule is to be regarded as reasonable in the absence of proof to the contrary. Furthermore it appears that defendant in this case was not held to the forty-eight hour rule, but the demurrage charges were assessed under the clause governing the delivery of cars to minor railroads, or industrial plants doing their own switching, and it was allowed additional time which gave to it free time of from seventy-two to one hundred and two hours. Neither Sundays nor holidays were included in figuring the free time, and forty-eight hours additional time was allowed, if the car was returned to the interchange track under load. The amount of free time allowed exceeded that required by the Act of Assembly of May 24, 1907, P. L. 229. We do not find in this record any .evidence that the rule as applied to the special circumstances shown, was in any degree unreasonable. The trial judge was therefore right, in refusing to submit to the jury the question of the reasonableness of the rule.

As to the second question raised by counsel for appellant, as to whether the trial judge erred in submitting to the jury the question, whether delivery of the cars was actually made to defendant, or was only made to the C.

& B. Railway, as an independent carrier, there was ample evidence that while it was duly incorporated as a railroad, and as a common carrier, yet it operated only upon the premises of the defendant, and in connection with its business. It appeared that the president of the railway was superintendent of the blast furnaces, and its employees were also paid by the furnace company. The superintendent of the defendant testified that as soon as cars were placed by plaintiff upon the tracks of the C. & B. Railway, he regarded them as having been delivered to the furnace company, and took charge of them from that time. The railway had but two locomotives, one of which was marked with the initials of appellant, and these locomotives were employed solely in switching cars to and from the furnaces. These facts in themselves were sufficient to justify the submission of the question of agency to the jury. It also appears from the record that all the shipments made by plaintiff were consigned to defendant, and that it receipted for them upon delivery to the C. & B. Railway, the receipts reading "Received from the Pennsylvania Railroad Company, in good condition, the following described property," and signed "Josephine Furnace & Coke Co., Consignee." Defendant also gave shipping orders directly to plaintiff. It is argued that plaintiff paid the C. & B. Railway for its services in delivering the cars to the furnaces, but in reply, the claim is made that the payment was an allowance to defendant, which was known as a "furnace allowance," and was not for the benefit of the railway company. Nor was there any denial that the amounts of these so-called "furnace allowances" found their way into the treasury of the furnace company. There was no testimony tending to show that the C. & B. Railway held itself in readiness as a common carrier to furnish transportation to the general public. In so far as it was shown, the character of the service which it performed was such as to indicate that it was merely an agency of the defendant. The

testimony in this respect, was so clear, that the trial court might well have given to the jury binding instructions in favor of plaintiff. In submitting this question to the jury, more was conceded to the defendant than was necessary. Certainly the appellant cannot fairly complain that a question was left to the jury, which might have been ruled against it by the court, as a question of law.

The assignments of error are overruled, and the judgment is affirmed.